[Civ. No. 6406. First Appellate District, Division Two.—January 26, 1929.]

GEORGE J. KNIESE, Respondent, v. FAIRFAX INCLINE RAILROAD COMPANY (a Corporation), Appellant.

Martin Stevens and Geo. H. Harlan for Appellant.

Wm. T. Eckhoff for Respondent.

STURTEVANT, J.—The plaintiff commenced an action against the defendant to recover a money judgment on certain assigned claims. The defendant appeared and answered and a trial was had before the court sitting without a jury. The court made findings in favor of the plaintiff on his fourth count and from a judgment entered thereon the defendant has appealed and has brought up a bill of exceptions.

There are few disputed facts, but the most of the facts were developed on the trial by the testimony of G. C. F. Seidel, plaintiff's assignor. The defendant is a corporation, having 10,000 shares of capital stock, all of which was, at the times mentioned in the pleadings, owned by G. C. F. Seidel. The corporation owns and operates a railroad about 1400 feet long running up the side of the mountain at Fairfax in Marin County. The company has a full corporate organization. As a railroad corporation, reports, applications, etc., were duly made from time to time by it to the Railroad Commission. A formal set of corporate books was kept. On or about August 15, 1921, G. C. F. Seidel bought the corporate stock and took over the management. He was elected president, treasurer, and general manager. In addition to filling those offices, he did the manual work, made purchases, paid out moneys and duly entered in the books a correct statement of his transactions and, in the reports of the corporation, truly summarized those entries. He so continued to conduct the defendant's affairs until August 16, 1923. As of that date, as shown by the books, there was owing to G. C. F. Seidel $1,074.95. The court so found. There was apparently a full and complete record sustaining the finding; but we will pass now to the points made by the defendant.

The first four points presented by the defendant are but different methods of presenting one question of law. The defendant calls attention to those parts of the record which show beyond dispute that during all of the times that G. C. F. Seidel, plaintiff's assignor, was making advancements, said Seidel owned all of the corporate stock and that therefore the corporation was but the corporate double

of Seidel. Thereupon, defendant further contends that the indebtedness sued upon was Seidel's debt, that when he paid a debt the debt was paid as against him as well as against the corporation, and that the same person may not be both obligor and obligee. In this connection the defendant says a great deal about Rivers Bros. These statements are nearly all of them outside of the record. There is nothing in the record showing that any fraud or injustice has been worked as against Rivers Bros. or against any other person. In the absence of additional facts the proof introduced would not warrant us in disregarding the fact that the corporation is a separate entity from G. C. F. Scidel. (*Erkenbrecher* v. *Grant,* 187 Cal. 7, 11 [200 Pac. 641].)

In making its award the court estimated the wages of G. C. F. Seidel at $200 per month. The defendant claims the estimate was too high. There was evidence to support it.

Finally, it is claimed that G. C. F. Seidel admits that he received $4,037.13 and should have been charged that instead of $3,125.05. Defendant is mistaken. He admitted that the corporation received $4,037.13, but he claimed that he received only $3,125.05 and the balance was used to pay corporate debts.

Summarizing what we have stated above, it is, we think, quite clear that if G. C. F. Seidel was the *bona fide* owner of seventy-five per cent of the capital stock of the defendant, and John Doe was the *bona fide* owner of twenty-five per cent of the capital stock of the defendant, and, except with the change indicated, each and every other fact contained in the record was proved just as stated above, then and in that event we do not believe it would be debatable but what the plaintiff should have been given the judgment which was given him. The mere fact that he owned all of the stock, standing alone and not supported by any other fact or facts showing fraud or injustice, would not support a ruling reversing the judgment.

We find no error in the record. The judgment is affirmed.

Buck (G. F.), P. J., *pro tem.,* and Nourse, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on February 20, 1929, and a

petition by respondent to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 25, 1929.

All the Justices concurred.