[Civ. No. 6405. First Appellate District, Division Two.—May 1, 1929.]

GEORGE J. KNIESE, Appellant, v. FAIRFAX INCLINE RAILROAD COMPANY (a Corporation), Respondent.

Wm. T. Eckhoff for Appellant.

Martin Stevens and Geo. H. Harlan for Respondent.

STURTEVANT, J.—This is an appeal by the plaintiff from the judgment which was under consideration in the appeal by the defendant in *Kniese* v. *Fairfax Incline R. R. Co.*, 96 Cal. App. 427 [274 Pac. 382]. All of the stock of the defendant corporation was formerly owned by Rivers Bros., a corporation. While so owned the railroad was operated at a loss. The loss was paid by Rivers Bros. and the deficits were carried on the books of the defendant corporation as deficits and as such were reported to the Railroad Commission. On August 15, 1921, the defendant owned a block at Fairfax which was known as a park. It also owned an incline railroad. On the date last mentioned Rivers Bros. sold to G. F. C. Seidel all of the stock in the defendant corporation. The sale was made under an executory contract by which the purchaser received the

stock and at once redelivered the same as security for the payments thereafter to fall due. There is no evidence in the record of more than one transfer. That transfer was the sale of the corporate stock which represented the properties owned by the defendant corporation. The vendee operated the road from the date he purchased it until August 16, 1923. While so operating the road the block of land known as a park was sold to Rivers Bros. and the proper credits in the sum of $5,000 were entered in the proper accounts. While the vendee was operating the road it was operated at a loss. He paid the losses and such losses were also carried on the books of the defendant corporation as deficits and were likewise reported to the Railroad Commission. Failing to make his payments, the rights of G. F. C. Seidel in the stock of the defendant corporation were sold in payment of his debts, and on August 16, 1923, his management ceased. Thereafter he sued, through this plaintiff as assignee, to recover $4,180.58, that being the total of the deficits incurred during the management of Rivers Bros. and the deficits incurred during the management of Seidel. In making up the account of the deficits incurred during the management of Seidel, the plaintiff entered the salary of Seidel at $200 per month.

Through an abundance of precaution the plaintiff pleaded his case in several different counts. In one count he pleaded a stated account, and he complains because the trial court made findings against him on that count. There was no direct evidence theron. The power rested with the jury, or court sitting without a jury, to draw an inference on the subject. This court may not, in the absence of an abuse of discretion, interfere, and there is certainly no evidence of abuse of discretion in this case.

The plaintiff contends that the facts in this litigation do not present an instance of a corporate double and that the entity of the defendant corporation should not be ignored, and the plaintiff also claims that the advances made by Rivers Bros. and the advances made by Seidel were not made in payment of a stockholders' liability. We agree with the plaintiff on both contentions, but neither is helpful in determining the rights of the parties on this appeal.

■ The plaintiff claims that the value of the labor done by Seidel was agreed upon as alleged in the fifth count. The issue was fully tried by the trial court. It found the fact against the plaintiff's allegation. There is slight evidence, if any, in the record to support the plaintiff. Under these circumstances this court may not disturb the finding thereon.

■ During the trial the court received evidence on each and every alleged expenditure made by Seidel, and as to the reasonable value of the labor done by him while he was operating the road. Thereafter the trial court made a finding that the road became indebted to Seidel in the sum of $4,200. The amounts paid to Seidel while he was operating the road were entered on the books of the defendant. The total of those payments, $3,025.05, was not disputed at the trial. Nevertheless, the court made a finding that the total of the payments so made was $3,125.05. In other words, it made a clerical error against the plaintiff in the sum of $100. Under the findings made by the trial court and the admitted facts the judgment should have been for $100 more than as the judgment was written.

■ When Seidel bought from Rivers Bros. the vendor and vendee executed a written memorandum of the transaction. That memorandum was introduced by the defendant in contradiction of the witness Seidel as to what properties were the subject of the sale. The memorandum was signed by Seidel and it was therefore some evidence as to what Rivers Bros. sold or assigned to him. Its admission was limited to that purpose. There was no error in receiving it.

■ As stated above, the plaintiff sought to recover the amount of the advances made by Rivers Bros. In claiming to recover that item the plaintiff alleged an assignment to his assignor by Rivers Bros. The assignment was denied. The trial court made a finding that the claim was assigned, but as a part of the finding it continued and recited that when Rivers Bros. made the payments it did so in payment of its stockholders' liability and that there was nothing to assign. The plaintiff quite properly contends that the latter part of the finding was not sustained by the evidence. He further contends that the latter portion of the finding, not being sustained by the evidence, should

be ignored and that the findings as so modified clearly support a judgment in favor of the plaintiff on the alleged assigned claim and that we should make an order accordingly. We are not at liberty to do so. Taking the evidence most favorably to this appellant, as hereinabove stated, there was evidence that Rivers Bros. executed an executory contract to sell to plaintiff's assignor the park and railroad. There was also evidence that Rivers Bros. made it clear to plaintiff's assignor that Rivers Bros., Incorporated, would not thereafter make a claim against this defendant for the deficit incurred during the management by Rivers Bros. This was the only evidence that can be claimed to be an assignment. If we treat it as an assignment the assignment was but an incident of the subject of the executory sale. When thereafter plaintiff's assignor defaulted in his payments and his title to the stock in the defendant railroad was sold, he parted with all title to all properties, including the alleged account which he claims Rivers Bros. had agreed to sell him. In other words, there is nothing in the record showing that after the title to the corporate stock was sold by Rivers Bros. at a trustee's sale, plaintiff's assignor retained title to the account for advances theretofore made by Rivers Bros.

The judgment is modified by adding thereto the sum of $100, and as so modified the judgment is affirmed. The defendant will recover its costs.

Koford, P. J., and Nourse, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 31, 1929, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 27, 1929.

All the Justices concurred.